UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELTON EARNESTER SANGSTER; CECELIA MICHELLE CHAMBERLAIN,<br><br>Plaintiffs,<br><br>-against-<br><br>WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES; KATHERINE PYSARENKO,<br><br>Defendants. | 1:25-CV-3628 (LLS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiffs Elton Earnester Sangster ("Sangster") and Cecelia Michelle Chamberlain ("Chamberlain"), of San Diego, California, appear *pro se* and bring this action asserting claims of violations of their federal constitutional rights, seeking unspecified damages.[1] They name as Defendants: (1) the Westchester County Department of Social Services ("WCDSS"); and (2) WCDSS Child Protective Services Caseworker Katherine Pysarenko ("Pysarenko"). Plaintiffs assert claims of "civil rights violation[s]," defamation of character, "violating a child's best interests," and "parental alienation." (ECF 1, at 2.) The Court construes Plaintiffs' complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that reveals the name of a minor child may only refer to the child by using the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiffs' complaint reveals the full name of a minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint.

In addition, Plaintiff Sangster, in a letter to the court, indicates that he is currently on active duty while serving in the United States Navy, reveals the dates of his deployment, and has attached a copy of his orders issued by the Navy. (ECF 8.) In the interests of national security, the Court has directed the Clerk of Court to restrict electronic access to this court submission as well. *See United States v. Doe*, 629 F. App'x 69, 72-73 (2d Cir. 2015) (summary order).

By orders dated May 15, 2025, the court granted Plaintiffs' requests to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiffs 30 days' leave to replead their claims in an amended complaint, as specified below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.*

But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiffs allege the following in their complaint[2]: Sangster and Chamberlain are married to each other. On October 18, 2022, while Chamberlain was staying on Staten Island, New York, she brought her then premature-born infant son to Staten Island University Hospital for a medical examination. An unspecified Child Protective Services ("CPS") agency took custody of the child on October 28, 2022, and placed the child into foster care, due to, among other reasons, allegations of child neglect.[3] CPS did not locate Chamberlain's family members, including her husband, Sangster, before placing the child into foster care, as opposed to the care of a family member. Plaintiff did provide CPS Sangster's contact information, and CPS did get in contact with Sangster. But CPS never considered whether the child could be cared for by Sangster (referred to as "kinship care"). (ECF 1, at 5.)

Chamberlain has since completed three parenting classes and has "kept up with [her] mental health treatment . . . and therapy," but the child still remains in foster care. (*Id.* at 6.) "The department also defamed [Chamberlain's] character by reporting that [she is] . . . mental[ly] retard[ed] and [suffers from] schizophrenia as a way to convince[] the Judge to keep [the] child

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

[3] It is unclear whether the agency that took custody of the child was the New York City Administration for Children's Service or the WCDSS's Child Protective Services agency.

in foster care."(*Id.*) Chamberlain has never been diagnosed as being mentally retarded or suffering from schizophrenia. Plaintiffs have been made to pay child support for their child.

## DISCUSSION

### A. Claims under 42 U.S.C. § 1983 against the WCDSS

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the WCDSS. When a plaintiff sues a local government entity or a municipal entity, such as the WCDSS, under Section 1983, it is not enough for the plaintiff to allege that one of the local government entity's or municipal entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the local government entity or municipal entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a local government entity or municipal entity, the plaintiff must allege facts showing: (1) the existence of a local government entity or municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

A plaintiff may satisfy this standard by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality [or the local government entity] (2) actions taken by government officials responsible for establishing the municipal [or local government entity's] policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that

> it amounts to deliberate indifference to the rights of the those who come into contact with the municipal [or local government entity's] employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (Preska, D.J.) (citations omitted). If there is no underlying constitutional violation, however, the Court need not examine whether the local government entity or municipal entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Plaintiffs allege nothing to suggest that a policy, custom, or practice of the WCDSS or of the County of Westchester has caused a violation of their federal constitutional rights. In fact, they allege virtually nothing about either the WCDSS or the County of Westchester. The Court therefore dismisses Plaintiffs' claims under Section 1983 against the WCDSS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Segal*, 459 F.3d at 219. In light of Plaintiffs' *pro se* status, however, the Court grants Plaintiffs leave to replead, in an amended complaint, their claims under Section 1983 against the WCDSS to show that a policy, custom, or practice of it or of the County of Westchester caused a violation of their federal constitutional rights.

**B. Claims under Section 1983 against Pysarenko**

The Court also dismisses Plaintiffs' claims under Section 1983 against Pysarenko. To state such a claim against an individual state actor, a plaintiff must allege facts showing that individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). An individual state-actor may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556

U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a . . . [government] official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiffs allege nothing to suggest that Pysarenko was directly and personally involved in any alleged violations of the Plaintiffs' federal constitutional rights. The Court therefore dismisses Plaintiffs' Section 1983 claims against Pysarenko for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiffs' leave to replead their Section 1983 claims against Pysarenko (and/or against any other individual state actor). Plaintiff may file an amended complaint in which they name that individual as a Defendant and in which they allege facts showing how that individual was directly and personally involved in the alleged violations of their federal constitutional rights.

### C. SDNY Federal Pro Se Legal Assistance Project

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil cases filed in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiffs are unable to complete this form, or if they have questions about the form, they may call (212) 382-4794. A flyer with details is attached to this order.

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**D. Leave to amend is granted**

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to allege additional facts to state valid claims under 42 U.S.C. § 1983, the Court grants them 30 days' leave to amend their complaint to detail their claims.

If Plaintiffs do not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action. The effect of that judgment will be that the Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and that the Court will decline to consider, under its supplemental jurisdiction, their state-law claims, *see* 28 U.S.C. § 1367(c)(3).[5]

[5] Plaintiffs may amend their complaint to invoke the court's diversity jurisdiction with respect to their state-law claims. To do so, they will have to allege facts showing that their state citizenships (they appear to allege that they are both citizens of California) are different from the state citizenships of the defendants named in the amended complaint (the WCDSS appears to be a citizen of New York State, but Plaintiffs do not indicate Pysarenko's state citizenship). *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). They must also allege facts showing that their state-law claims satisfy the jurisdictional amount—an amount in excess of the sum or value of $75,000. *See* § 1332(a).

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiffs' claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiffs' claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court, however, grants Plaintiffs 30 days' leave to replead their claims in an amended complaint, as specified above. If Plaintiffs fail to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth of that order. The effect of that judgment will be that the Court will dismiss Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and that the Court will decline to consider, under its supplemental jurisdiction, their state-law claims, *see* § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.